IN THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILLIAM MITCHELL,

    Plaintiff,

vs.

PIER HOUSE JOINT VENTURE,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, WILLIAM MITCHELL ("MITCHELL"), by and through his undersigned counsel, files this Complaint against Defendant, PIER HOUSE JOINT VENTURE d/b/a PIER HOUSE RESORT AND CARIBBEAN SPA, ("PIER HOUSE"), and states as follows:

### JURISDICTION AND VENUE

    1.    This suit is brought against PIER HOUSE pursuant to 42 U.S.C. Section 1981 ("Section 1981") and the Florida Civil Rights Act of 1992, section 760.01, *et seq.,* Florida Statutes ("FCRA"), to redress its violation of MITCHELL's rights under Section 1981 and the FCRA by retaliating against him for having opposed its discriminatory conduct made unlawful by those statutes.

    2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343(3), 1367(a), and 42 U.S.C. Section 1981 *et seq.*, and Florida Statutes section 760.01 *et seq.*.

    3.    Venue is proper in this Court as the actions complained of occurred in the Southern district of Florida.

## PARTIES

4.  MITCHELL was at all times material employed by PIER HOUSE, which is located in Monroe County, Florida.  MITCHELL is a protected person under the FCRA because:

   a.  Section 1981 prohibits discrimination against a person based on that person's race; and

   b.  the FCRA prohibits discrimination against a person based on (among other factors) the person's race and/or gender.

5.  PIER HOUSE is a Florida corporation, and is a covered employer under both Section 1981 and the FCRA.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6.  MITCHELL has exhausted his administrative remedies and complied with all conditions precedent under the FCRA.  MITCHELL filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and with the Florida Commission on Human Relations ("FCHR") on or about January 24, 2012.  As of the filing of this lawsuit, the FCHR has never issued, nor has MITCHELL received, any no-cause determination.

## FACTUAL ALLEGATIONS

7.  On or about August 29, 2008, MITCHELL began employment with PIER HOUSE as a Maintenance Engineer.

8.  At all times material, MITCHELL performed his job duties in a satisfactory manner.

9.  In 2011, MITCHELL's then-supervisor, Ken Marsh, began subjecting him to racial and sexual harassment.  MITCHELL observed that Marsh did not subject the white employees to any harassment or offensive remarks, but he was subjected to offensive remarks regarding graphic sexual

acts and demeaning racial stereotypes.

10. In March 2011, MITCHELL complained that Marsh was discriminating against him based on his race to the human resources staff who worked at the PIER HOUSE resort in Key West, Florida. The human resources staff failed or refused to do anything in response to his complaint.

11. In late August 2011, Marsh made a racially and sexually offensive remark about MITCHELL in front of him and a white male co-worker.

12. After Marsh's discriminatory and offensive remark, MITCHELL decided to complain to PIER HOUSE's corporate human resources department, since PIER HOUSE's local human resources department had done nothing to stop Marsh's unlawful conduct. On or around August 26, 2011, Mitchell called PIER HOUSE's corporate human resources office and made a formal complaint about Marsh's racially and sexually harassing conduct.

13. Three days after MITCHELL made his complaint, he was given a performance evaluation by Marsh which was filled with false or exaggerated negative rankings and claims.

14. Then, on or around September 6, 2011, PIER HOUSE management visited the resort to conduct an investigation of MITCHELL's complaints. However, instead of taking appropriate action, management refused to correct the situation or protect MITCHELL as legally required, and instead told him he should try not to be offended by such remarks and should just consider them to be mere "shop talk."  The investigation concluded on September 7, 2011.

15. Immediately thereafter, Marsh allegedly made a complaint to management that MITCHELL allegedly told some unnamed third party contractor that he felt Marsh was a racist.

16. Then, on September 9, 2011, PIER HOUSE management terminated MITCHELL, purportedly due to Marsh's complaint, without investigation and without even allowing MITCHELL

a chance to respond to the allegation. The proffered basis for the termination was actually a pretext to cover up PIER HOUSE's decision to retaliate against MITCHELL for having complained about unlawful racial and sexual discrimination.

## COUNT I
## CLAIM FOR RETALIATION IN VIOLATION OF SECTION 1981

17. MITCHELL realleges and adopts as if fully set forth in Count I, the allegations of paragraphs 1 through 16 above.

18. The complaints MITCHELL made to PIER HOUSE management as alleged in paragraphs 10 and 12 above constitute protected activity under Section 1981, as MITCHELL had a reasonable good faith belief that the racially discriminatory conduct of which he complained was unlawful discrimination.

19. MITCHELL, by being given a false negative evaluation and by being terminated, as alleged in paragraphs 13 and 16, was subjected to adverse employment action by PIER HOUSE because of his protected activity, which is in violation of his rights under Section 1981.

20. As a direct, natural, proximate and foreseeable result of Defendant PIER HOUSE's and its agents'/employees' actions, MITCHELL has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

21. PIER HOUSE's actions were willful, wanton and malicious and/or in reckless indifference to the statutorily protected rights of MITCHELL, and MITCHELL is entitled to punitive damages to punish PIER HOUSE for its actions and to deter other employers from engaging in such unlawful conduct.

22.     MITCHELL has retained the undersigned counsel to prosecute this action on his behalf, and has agreed to pay counsel a reasonable fee for his services.  As such, in the event MITCHELL prevails in this action, he is entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff, WILLIAM MITCHELL prays that this Court will:

  A. Issue a declaratory judgment that Defendant PIER HOUSE's practices toward MITCHELL are violative of his rights under Section 1981;

  B. Enjoin Defendant PIER HOUSE from violating the rights of its employees under Section 1981.

  C. Order Defendant PIER HOUSE to make MITCHELL whole, by paying back pay, prejudgment interest and fringe benefits; and/or to reinstate him or pay front pay in lieu of reinstatement, as well as award all fringe benefits and other compensation to which MITCHELL is entitled;

  D. Grant MITCHELL judgment for damages, including compensatory damages, punitive damages, and all other permissible damages against PIER HOUSE;

  E. Provide MITCHELL any other relief that is appropriate; and

  F. Grant MITCHELL costs and a reasonable award of attorney's fees pursuant to Section 1981.

## COUNT II
## CLAIM FOR RETALIATION IN VIOLATION OF THE FCRA

23.     MITCHELL realleges and adopts as if fully set forth in Count II, the allegations of paragraphs 1 through 16 above.

24.     The complaints MITCHELL made to PIER HOUSE management as alleged in

paragraphs 10 and 12 above constitute protected activity under the FCRA, as MITCHELL had a reasonable good faith belief that the racially discriminatory conduct of which he complained was unlawful discrimination.

25. MITCHELL, by being given a false negative evaluation and by being terminated, as alleged in paragraphs 13 and 16, was subjected to adverse employment action by PIER HOUSE because of his protected activity, which is in violation of his rights under the FCRA.

26. As a direct, natural, proximate and foreseeable result of Defendant PIER HOUSE's and its agents'/employees' actions, MITCHELL has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

27. PIER HOUSE's actions were willful, wanton and malicious and/or in reckless indifference to the statutorily protected rights of MITCHELL, and MITCHELL is entitled to punitive damages to punish PIER HOUSE for its actions and to deter other employers from engaging in such unlawful conduct.

28. MITCHELL has retained the undersigned counsel to prosecute this action on his behalf, and has agreed to pay counsel a reasonable fee for his services. As such, in the event MITCHELL prevails in this action, he is entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff, WILLIAM MITCHELL prays that this Court will:

  A. Issue a declaratory judgment that Defendant PIER HOUSE's practices toward MITCHELL are violative of his rights under the FCRA;

  B. Enjoin Defendant PIER HOUSE from violating the rights of its employees under the FCRA.

C. Order Defendant PIER HOUSE to make MITCHELL whole, by paying back pay, prejudgment interest and fringe benefits; and/or to reinstate him or pay front pay in lieu of reinstatement, as well as award all fringe benefits and other compensation to which MITCHELL is entitled;

D. Grant MITCHELL judgment for damages, including compensatory damages, punitive damages, and all other permissible damages against PIER HOUSE;

E. Provide MITCHELL any other relief that is appropriate; and

F. Grant MITCHELL costs and a reasonable award of attorney's fees pursuant to the FCRA.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated this 12th day of June, 2014, at Fort Lauderdale, Florida.

The Law Offices of Joseph R. Fazio, P.A.
Attorneys for Plaintiff
633 South Andrews Avenue
Suite 203
Fort Lauderdale, Florida 33301
Tel: (954) 463-0585
Fax: (954) 767-9461


BY:   /s/ Joseph R. Fazio, III
         JOSEPH R. FAZIO, III, ESQUIRE
         Florida Bar Number: 0005983